JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Dawn Brossoie and James Brossoie, H/W

**(b)** County of Residence of First Listed Plaintiff   Mercer
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Kevin Riechelson, Esq., Kamensky, Cohen & Riechelson, 194 S. Broad Street, Trenton, NJ  08608,

## DEFENDANTS

Pen Ryn Mansion, Pen Ryn Estate, John Does I-V and John Doe Companies VI-X

County of Residence of First Listed Defendant   Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [x] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332(a)(1)

Brief description of cause:
Fall from golf cart

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**   250,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   05/20/2023

SIGNATURE OF ATTORNEY OF RECORD   *K. Riechelson*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 525 Maple Avenue, Ewing, NJ  08618

Address of Defendant: _____ 1601 State Road, Bensalem, PA  19020

Place of Accident, Incident or Transaction: _____ 1601 State Road, Bensalem, PA  19020

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐     No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐     No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐     No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐     No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/17/2023 _____ *Must sign here* _____ 58960

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

| A. | Federal Question Cases: | B. | Diversity Jurisdiction Cases: |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☑ 6. | Other Personal Injury *(Please specify):* golf cart injury |
| ☐ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify):* _____ |
| ☐ 11. | All other Federal Question Cases | | |
| | *(Please specify):* _____ | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Kevin Riechelson, Esq. _____, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 05/17/2023 _____ *Sign here if applicable* _____ 58960

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN BROSSOIE AND | ) | |
| JAMES BROSSOIE, H/W | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No: _____ |
| | ) | |
| PEN RYN MANSION, | ) | |
| PEN RYN ESTATE | ) | **JURY TRIAL DEMANDED** |
| JOHN DOES I-V AND | ) | |
| JOHN DOE COMPANIES | ) | |
| VI-X | ) | |
| Defendants, | ) | |

## <u>COMPLAINT</u>

Plaintiffs, Dawn Brossoie and James Brossoie, H/W, residing at 525 Maple Avenue, Ewing, NJ 08618-2660, NJ, by way of Complaint against Defendants, say:

## BACKGROUND

1. Plaintiffs, Dawn Brossoie and James Brossoie, h/w are adult individuals, who at all times material hereto lived at 525 Maple Avenue, Ewing, NJ 08618-2660.

2. Upon information and belief, defendant, Pen Ryn Mansion/Pen Ryn Estate, is a corporation or other business entity located and doing business at 1601 State Road, Bensalem, PA 19020.

3. Upon information and belief, defendants, John Does I-V, were employees, agents, servants and/or workmen who were employed and/or agents of defendants Pen Ryn Mansion/Pen Ryn Estate, working in the course and scope of their employment, and who are believed to have caused and/or contributed to the accident and injuries that are the subject of this Complaint.

4. Upon information and belief, defendants, John Doe Companies VI-X, were the owners and/or operators of the venue located at Pen Ryn Mansion/Pen Ryn Estate, and were the employers of John Doe defendants I-V, who operated golf carts on the defendants' premises as an accommodation to guests.

5. Federal jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332(a)(1) since the Plaintiffs are citizens of the State of New Jersey and defendants reside and/or are businesses that were formed in the Commonwealth of Pennsylvania.

6. Venue is based upon 28 U.S.C. § 1391(b)(2) as the events and/or omissions giving rise to the claim occurred in this Court's jurisdiction, and upon 28 U.S.C. § 1391(d), as Defendants conduct continual and systematic business within the Commonwealth of Pennsylvania and within the judicial district of this Court.

7. The Plaintiff's damages exceed the minimum jurisdictional amount required ($75,000) and are in excess of the arbitration limit ($150,000). A jury trial is demanded.

8. On May 27, 2021, plaintiffs were guests at a wedding that was being held at the defendants' venue, and were business invitees of the defendants.

9. While on the defendants' premises, the plaintiffs were driven in a golf cart by John Does I-V, who were agents, servants, employees or workmen of defendants Pen Ryn Mansion/Pen Ryn Estate and/or John Doe Companies VI-X.

10. As Mrs. Brossoie was getting out of the golf cart, she put her right foot down on the ground, when suddenly, and without warning, the driver of the golf cart, John Does I-X, accelerated the golf cart causing her to fall out of the cart to the ground.

11. Defendant, John Does I-V, working in the course and scope of his employment for the other defendants failed to make sure that passengers on the golf cart were off the cart and/or a safe distance from the golf cart, when he started to accelerate.

12. As a result of the negligence of the defendants, Mrs. Brossoie, was severely and permanently injured having sustained a comminuted fracture of the anterior humeral head and large fragment with moderate anterior displacement, high-grade tear of proximal biceps tendon, including intra-articular portion , non-displaced tear of anterior superior labrum, joint effusion with intra-articular body, sprain of left rotator cuff capsule, spontaneous rupture of flexor tendons, left shoulder, left shoulder pain, adhesive capsulitis of left shoulder, hip pain, left wrist injury, neck pain and head pain requiring her to undergo substantial medical treatment and incur medical bills, some or all of which may be subject to a statutory lien, to incur pain and suffering, to have permanent scarring, as well as other injuries and damages for which defendants are liable.   In addition, plaintiff has incurred medical bills to treat her injuries, and may in the future incur additional medical bills, some or all of which may be subject to a statutory lien by Medicare.

## COUNT I - NEGLIGENCE

13.    Plaintiff incorporates the allegations in paragraphs 1-12 as though set forth at length herein.

14.    Defendants, through their agents, servants, employees and workmen were negligent in that they:

A.    Failed to properly train and instruct their employee, agent, servant, workman, on the proper operation of the golf cart, which led to Mrs. Brossoie's accident and resulting injuries.

B.    Failed to have procedures in place to make sure that passengers on the golf carts used by defendants were able to get on and off the golf carts without the golf carts being moved while doing so.

C.    Failed to make sure that all passengers were fully off the cart before accelerating.

D.    Failed to make sure that all passengers were clear from the golf cart before accelerating.

E.    Subjected patrons and/or business invitees to dangerous conditions on their premises.

15.    As a result of the defendants' negligence, plaintiff was caused to suffer permanent injuries and continues to suffer from the injuries sustained.  In addition, plaintiff has incurred medical bills to treat her injuries, and may in the future incur additional medical bills, some or all of which may be subject to a statutory lien by Medicare.

16.    To the extent any of plaintiff's medical bills were paid by PIP, plaintiff is not precluded from presenting her medical bills as damages at the time of trial as plaintiff is not a resident of Pennsylvania, is not subject to the Pa. Motor Vehicle Financial Responsibility Law, and is not precluded from introducing medical bills that are/were paid or payable by PIP.

WHEREFORE, plaintiff demands judgment in her favor in an amount in excess of $75,000 and in excess of the arbitration limit of $150,000.

## COUNT II- RESPONDEAT SUPERIOR

17.    Plaintiffs incorporate paragraphs 1-16 as though fully set forth at length herein.

18.    At all times material hereto, Defendants, John Does I-V was/were agents, servants, employees, and/or workmen of Defendants Pen Ryn Mansion, Pen Ryn Estates and/or John Doe Companies VI-X.

19.    As the employer and/or master of Defendant John Does I-V, Pen Ryn Mansion, Pen Ryn Estates and/or John Doe Companies VI-X, are legally responsible for the acts and/or omissions of its/their agent, servant, employee, and/or workman, who was acting within the course and scope of his employment and/or agency and in furtherance of Defendants' business activities.

20.    Defendants Pen Ryn Mansion, Pen Ryn Estates and/or John Doe Companies VI- X is/are directly and/or vicariously liable for the acts, omissions and negligence of Defendant Robinson.

21.    Defendant Pen Ryn Mansion, Pen Ryn Estates and/or John Doe Companies VI-X is/are liable to Plaintiffs for the negligent acts of Defendant John Does I-V, more fully set forth above, by way of respondeat superior.

22.    Defendant Pen Ryn Mansion, Pen Ryn Estates and/or John Doe Companies VI-X may also be liable for negligent hiring, negligent entrustment, negligent retention, and/or negligent supervision of its agent, servant, employee, and/or workmen, Defendant John Does I-V.


WHEREFORE, plaintiff demands judgment in her favor in an amount in excess of $75,000 and in excess of the arbitration limit of $150,000.


### COUNT III – LOSS OF CONSORTIUM

23.    Plaintiffs incorporate the allegations in paragraphs 1-22 as though set forth at length herein.

24.    At all times material hereto, plaintiff, James Brossoie was married to and is the lawful spouse of Dawn Brossoie.

25.    As a result of the negligence of the defendants, and the injuries sustained by Dawn Brossoie, James Brossoie has been deprived of the companionship and services of his wife.

26.    As a result of the negligence of the defendants, and the injuries sustained by Dawn Brossoie, James Brossoie has had to take on Dawn Brossoie's daily activities, and has had to be responsible for the care of his wife and assist her with her activities of daily living.

WHEREFORE, plaintiff demands judgment in her favor in an amount in excess of $75,000 and in excess of the arbitration limit of $150,000.

**KAMENSKY, COHEN & RIECHELSON**

*Kevin Riechelson*

DATE: 5/17/23    BY: _____
                    Kevin Riechelson, Esquire
                    I.D. #58960
                    Kamensky, Cohen & Riechelson
                    194 South Broad Street
                    Trenton, N.J.  08608
                    **Attorneys for Plaintiff**